Robert C. Schubert (S.B.N. 62684)
rschubert@schubertlawfirm.com
Dustin L. Schubert (S.B.N. 254876)
dschubert@schubertlawfirm.com
Noah M. Schubert (S.B.N. 278696)
nschubert@schubertlawfirm.com
Kathryn Y. Schubert (S.B.N. 265803)
kschubert@schubertlawfirm.com
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:      (415) 788-4220
Facsimile:      (415) 788-0161

*Attorneys for Plaintiffs and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO / OAKLAND DIVISION**

| | |
|---|---|
| RICHARD JEWETT, DAVID QUINTANAR, IVEE TOLBERT, CHARON WRIGHT, and RORY ZUFOLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIZIO, INC., a California corporation, VIZIO HOLDINGS, INC., a Delaware corporation, VIZIO INSCAPE SERVICES, LLC, a Delaware limited liability company, VIZIO INSCAPE TECHNOLOGIES, LLC, a Delaware limited liability company, and COGNITIVE MEDIA NETWORKS, INC., a Delaware corporation,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  **Violations of 18 U.S.C. § 2710 (Video Privacy Protection Act);**<br>2.  **Violations of Cal. Civ. Code § 1799.3;**<br>3.  **Violations of Cal. Civ. Code §§ 1798.80,** *et seq.* **(Customer Records Act);**<br>4.  **Violations of Cal. Civ. Code §§ 1750,** *et seq.* **(Consumer Legal Remedies Act);**<br>5.  **Violations of Cal. Bus. & Prof. Code §§ 17200,** *et seq.* **(Unfair Competition Law);**<br>6.  **Violations of Cal. Bus. & Prof. Code §§ 17500,** *et seq.* **(False Advertising Law);**<br>7.  **Fraudulent Omission;**<br>8.  **Negligent Omission; and**<br>9.  **Unjust Enrichment**<br><br>**Demand for Jury Trial** |

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Plaintiffs Richard Jewett, David Quintanar, Ivee Tolbert, Charon Wright, and Rory Zufolo, individually and on behalf of all others similarly situated, upon personal knowledge, information, and belief allege as follows:

## NATURE OF THE ACTION

1.      Vizio, Inc. ("Vizio") is one of the leading manufacturers, distributors, sellers, and marketers of Internet-connectable televisions in the United States, commonly known and referred to as Smart TVs.  Vizio's Smart TVs offer integrated Internet capability that supports streaming of movies, television shows, and other programs from the Internet and popular application-based content providers such as Netflix, Amazon Instant Video, Hulu, YouTube, Pandora, and Spotify. By allowing direct access to movies, television, music, and other content through the Internet, Smart TVs offer much of the same functionality as computers, tablets, and smartphones.  Since its founding in 2002, Vizio has sold over 65 million televisions, audio products, and other consumer electronics, and has achieved a significant United States market share for its Smart TVs.

2.      However, secretly and unbeknownst to the approximately 10 million Vizio Smart TV purchasers and current users, Vizio and its partners, affiliates, and subsidiaries (identified below) systematically collect and then sell and share users' private consumer information and viewing habits to third parties for financial gain through an implemented feature dubbed "Smart Interactivity."  This private information disseminated to third party data brokers and advertisers includes information regarding movies, shows, and programs viewed by Vizio Smart TV users (including the time, date, channel, and whether the user viewed such content live or at a later time), in addition to these users' Internet Protocol ("IP") addresses, computer names, and product models and serial numbers.  Remarkably, Vizio's Smart Interactivity platform also allows third parties that obtain this private data to push targeted advertisements to other electronic devices that share the same Internet network connection as a Vizio Smart TV, such as computers, tablets, and smartphones.  Vizio illustrates is comprehensive scheme to harvest its Smart TV users' private information and feed this sensitive data to third party data brokers and advertisers in the following flowchart:

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220



3.      Average purchasers and users of Vizio's Smart TVs lack the requisite technical expertise to uncover Defendants' (defined below) tracking software on their own, and instead rely on Defendants to truthfully and transparently disclose the inclusion of this invasive characteristic of Vizio's Smart TVs.  Defendants, however, knowingly and willfully deceived Vizio Smart TV purchasers and users by concealing that these products were equipped with Smart Interactivity tracking technology (sometimes referred to herein as the "Tracking Software") which monitored, disseminated, and sold users' personal information and viewing habits without their informed consent or knowledge for financial gain, and in violation of their protected privacy rights and state and federal law.

4.      This is a class action brought on behalf of purchasers and users of Vizio's Smart TVs to prevent Defendants from continuing to operate and maintain their Smart TV Tracking Software and further seeks an award of damages (actual, liquidated, and/or punitive), reasonable attorneys' fees and other litigation costs reasonably incurred, and such other preliminary and equitable relief appropriate under the circumstances to remedy Defendants' wrongdoing alleged herein.

SCHUBERT JONCKHEER & KOLBE LLP<br>
Three Embarcadero Center, Suite 1650<br>
San Francisco, CA 94111<br>
(415) 788-4220

### PARTIES

**Plaintiffs**

5.     Plaintiff Richard Jewett ("Plaintiff Jewett") is a natural person and citizen of the State of California.  In 2014, Plaintiff Jewett purchased a 40-inch Vizio Smart TV from Best Buy Co., Inc. in Canoga Park, California.

6.     Plaintiffs David Quintanar and Charon Wright ("Plaintiffs Quintanar and Wright") are natural persons and citizens of the State of California.  In 2015, Plaintiffs Quintanar and Wright purchased a 42-inch Vizio Smart TV from Best Buy Co., Inc. in Emeryville, California.

7.     Plaintiff Ivee Tolbert ("Plaintiff Tolbert") is a natural person and citizen of the State of California.   In 2015, Plaintiff Tolbert purchased a 24-inch Vizio Smart TV from Wal-Mart Stores, Inc. (d/b/a Walmart) in San Jose, California.

8.     Plaintiff Rory Zufolo ("Plaintiff Zufolo") is a natural person and citizen of the State of California.  In 2014, Plaintiff Zufolo purchased a 55-inch Vizio Smart TV from Sam's West, Inc. (d/b/a Sam's Club) in Oxnard, California.

9.     The Vizio Smart TVs owned by Plaintiff Jewett, Plaintiffs Quintanar and Wright, Plaintiff Tolbert, and Plaintiff Zufolo's (together, "Plaintiffs") are connected to the Internet and have been during the class period, including the time during which Defendants improperly collected and sold their private viewing data.

10.     At no time prior to or after Plaintiffs' purchases did Defendants inform Plaintiffs of their intent to track their Smart TV viewing activity and sell that information, along with IP addresses and other personal information, to third-party data brokers and advertisers. Had Plaintiffs known of these facts and circumstances, Plaintiffs would not have purchased Vizio Smart TVs or would have paid substantially less for their TVs.

**Defendants**

11.     Defendant Vizio is a California corporation with its headquarters and principal place of business located at 39 Tesla, Irvine, California 92618.  Vizio designs, manufactures, and markets high-definition and Smart TVs, as well as other home entertainment products, throughout the United States, Mexico, and Canada, including the State of California and this District.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

12.     Defendant VIZIO Holdings, Inc. ("Vizio Holdings") is a Delaware corporation with its headquarters and principal place of business located at 39 Tesla, Irvine, California 92618. Vizio Holdings does business throughout the United States and the State of California, including this District.

13.     Defendant Vizio Inscape Services, LLC ("Vizio Inscape Services") is a Delaware limited liability company with its headquarters and principal place of business located at 39 Tesla, Irvine, California 92618.  Vizio Inscape Services does business throughout the United States and the State of California, including this District.

14.     Defendant Vizio Inscape Technologies, LLC ("Vizio Inscape Technologies") is a Delaware limited liability company with its headquarters and principal place of business located at 39 Tesla, Irvine, California 92618.  Vizio Inscape Technologies does business throughout the United States and the State of California, including this District.

15.     Defendant Cognitive Media Networks, Inc., ("Cognitive Media") is a Delaware corporation and a Vizio subsidiary, with its headquarters and principal place of business located at 1663 Mission Street, Suite 520, San Francisco, California 94103.  Cognitive Media does business throughout the United States and the State of California, including this District.

16.     Defendants Vizio, Inc., Vizio Holdings, Vizio Inscape Services, Vizio Inscape Technologies, and Cognitive Media are sometimes collectively referred to herein as "Vizio" or "Defendants."

**JURISDICTION AND VENUE**

17.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action arises under the Video Privacy Protection Act, 18 U.S.C. § 2710, a federal statute.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Additionally, this Court also has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (i) at least one class member is a citizen of a state other than that of Defendants; (ii) there are more than one hundred class members; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**Class Action Complaint**                    **4**

18.     This Court has personal jurisdiction over Defendants because Defendants conduct business in California, are headquartered in California, and because the events giving rise to this lawsuit occurred, in substantial part, in California.

19.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant Cognitive Media maintains its headquarters in this District, the Vizio Defendants conduct significant business in this District, and Defendants have caused harm to members of the class residing in this District.

## INTRADISTRICT ASSIGNMENT

20.     A substantial part of the acts and events giving rise to the violations of law alleged herein occurred in the County of San Francisco, and as such, this action may be properly assigned to the San Francisco / Oakland division of this Court pursuant to Civil Local Rule 3-2(d).

## FACTUAL BACKGROUND

21.     Vizio proclaims that it is "transforming the way consumers discover and experience media content through [its] [Internet] connected entertainment platform."[1] In 2014, Vizio sold its Smart TV and audio products in over 8,000 retail stores across the United States and through its online store and generated net sales of approximately $3.1 billion, with reported net income of approximately $45.0 million.  By capturing over 35% of the Smart TV market in the United States in 2014, Vizio held the "#2 unit share position in the U.S. smart, high definition television."[2] Since 2009, Vizio Smart TV users have streamed more than 3.5 billion hours of content through Vizio's discovery and engagement software.[3]

22.     Vizio's Smart TVs allow users to stream movies, television shows, and other programs from the Internet and popular application-based content providers such as Netflix, Amazon Instant Video, Hulu, YouTube, Pandora, and Spotify.  By allowing direct access to movies, television, music, and other content through the Internet, Smart TVs offer much of the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[1]     VIZIO Holdings, Inc. Prospectus, Amendment No. 3, filed with the U.S. Securities Exchange Commission on October 15, 2015 ("Prospectus"), at p. 2.

[2]     *Id.* at pp. 2, 8.

[3]     *Id.* at p. 2.

**Class Action Complaint**                    **5**

same functionality as computers, tablets, and smartphones.  Vizio consumers pay a premium for access to this Smart TV functionality and expect (and paid for) continued access to the videos and services offered through this feature.

23.    Cognitive Media is a leading provider of real-time services powered by "Automatic Content Recognition" software (the Tracking Software), which powers the Vizio Inscape technology used to track and collect users' information and viewing data.  In August 2015, Vizio acquired Cognitive Media.

**Defendants Secretly Monitor and Collect Vizio Smart TVs Users' Personal Information**

24.    Without Vizio Smart TVs users' informed consent or knowledge, Vizio and Cognitive Media partnered to preinstall the Tracking Software on all Vizio Smart TVs which monitored, disseminated, and sold users' personal information and viewing habits for financial gain, and in violation of users' protected privacy rights and state and federal law.

25.    Vizio strives to set itself apart from competitors through its method of capturing real-time behavior data from its consumers using Smart Interactivity and transmitting that data to advertisers and media content providers, thereby driving "delivery of more relevant, personalized content" through its products.[4]

26.    Vizio Inscape Services and Vizio Inscape Technologies (together, "Vizio Inscape") are the Vizio entities and businesses that capture real-time viewing behavior data from Vizio's Smart TVs and enable Vizio to provide the data to advertisers and media content providers. Vizio Inscape captures up to 100 million data points daily.[5]  Vizio Inscape collects, aggregates, and stores data regarding most content displayed on Vizio Smart TV screens, including content from all media sources connected to the TVs via external inputs such as cable and satellite providers, streaming devices, gaming consoles, blu-ray and DVD players, and digital video recorders.  As Vizio concedes, gathering its Smart TV users' personal information from such diverse outlets "generates a richer data set that can be obtained from any single media source."[6]

---

[4]    Prospectus, at p. 3.
[5]    Prospectus, at p. 3.
[6]    Prospectus, at p. 105.

**Class Action Complaint**                    6

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

27.     Vizio boasts that Vizio Inscape "provides _highly specific viewing behavior data on a massive scale with great accuracy_, which can be used to generate intelligent insights for advertisers and media content providers and to drive their delivery of more relevant, personalized content" through its Smart TVs (emphasis added).[7]   As Vizio summarizes, Vizio Inscape's platform allows it to collect a "large amount of real-time data" from its Smart TVs "about viewing behaviors and preferences" which positions Vizio at the "nexus" or "center" of the "connected entertainment ecosystem."[8]   The private and sensitive information gleaned through Vizio's Smart TV Tracking Software includes information regarding movies, shows, and programs viewed by Vizio Smart TV users (including the time, date, channel, and whether the user viewed such content live or at a later time), in addition to these users' IP addresses, computer names, and product models and serial numbers.

28.     The interplay between Vizio's Smart TVs, Vizio Inscape's data collection practices, and third party data brokers and advertisers is illustrated below:



**Vizio Sells Its Smart TV Users' Private Information to Third Parties**

29.     As reported by the Consumer Electronics Association in June 2014, in the 12 months ended April 2014, 45% of U.S. television households were streaming content on their TVs, up from 28% in the 12 months ended April 2013. Vizio recognizes that "[t]his trend has further

---

[7]     Prospectus, at p. 3.

[8]     _Id_. at pp. 4, 7.

**Class Action Complaint**          7

increased the difficulty for content creators and distributors to collect and decipher viewing behaviors using traditional means such as consumer surveys and sampling."[9]  To cope with this new reality, Vizio acknowledges that the collection and analysis of viewing behavior data is "crucial" and requires "next generation" analytics capabilities such as its Smart Interactivity tracking technology.[10]  By "delivering proprietary insights" into Vizio Smart TV users' private viewing histories and habits, Vizio Inscape offers "significant value" to third parties.[11]

30.     Among these third parties are advertisers and data brokers, which are analytics companies in the business of aggregating consumer information from multiple sources in order to create detailed profiles of individuals. Such comprehensive profiles of individuals are more valuable to businesses than piecemeal and disconnected data. After aggregation, data brokers sell or share the packages of information with other businesses, such as advertisers or media content providers, which is then in turn used to tailor television advertisements, e-mail spam, and even phone calls to consumers' viewing patterns.

31.     Vizio is currently "developing strong partnerships with content and analytics providers, advertisers and brands to monetize [its] connected platform" and expects these partnerships will represent "a significant component of [its] solution set in the future" to these powerful trends driving the growth of the television and advertising markets.[12]  Simply, Defendants not only intend to continue harvesting their Smart TV users' personal information, but further plan to ramp up their data collection practices.  Indeed, Vizio expects its Tracking Software to offer an "attractive value proposition to advertisers and media content providers" going forward.[13]  In addition to generating revenue for Vizio, its Tracking Software which sells users' private information to third parties also potentially enables these companies to deliver more relevant and personalized content for viewers, resulting in the "self-reinforcing cycle" depicted below:

---

[9]     Prospectus, at p. 6.
[10]    *Id.*
[11]    *Id.* at p. 105.
[12]    Prospectus, at p. 7.
[13]    *Id.* at p. 3.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220



**Defendants Knowingly Deceive and Mislead Vizio Smart TV Users**

33.     Vizio acknowledges that "some individuals may be reluctant or unwilling to connect to the Internet through [its] Smart TVs because they have concerns regarding the risks associated with data privacy and security," but nevertheless went to great lengths to conceal from its users the presence of Vizio's Smart TV Tracking Software.

34.     For instance, Vizio does not disclose the existence of the Tracking Software during the Smart TV's setup, in advertising, or on the product's packaging. Nor does Vizio alert consumers while they're being monitored about the Tracking Software or require consumers to affirmatively agree to any terms or privacy policy relevant to the Tracking Software.

35.     Instead, and unlike its competitors (some of whom utilize similar content tracking software), Vizio's Smart Interactivity platform is *enabled by default and without prior consent* of Smart TV purchasers and users. The references to Vizio's Tracking Software are purposefully buried deep within the Smart TVs' setting menus, with Vizio intending that its users never uncover them. To turn off Vizio's invasive tracking technology, users must either navigate the TV's Menu to manually disable the buried function or contact Vizio directly for assistance. Even when successfully shut off, Vizio Smart TV users continue to see tailored advertisements on other devices that were targeted on the basis of viewing data that was shared before the function was disabled.

36.     Because Defendants' Tracking Software is activated by default, Defendants have, and continue to, invade the protected privacy rights of millions of unwitting consumers by unlawfully collecting, selling, and sharing their personal information and viewing histories without prior consent or express disclosure, and to Defendants' unjust benefit.

## CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedures 23(b)(2) and 23(b)(3) on behalf of themselves and a class of similarly situated individuals defined as follows: all persons in the United States (including its states, districts, and territories) who purchased a Vizio Smart TV with Defendants' Tracking Software installed (the "Class"). Excluded from the Class are governmental entities, Defendants, any entity in which any Defendant has a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedures 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of these rules.

38.     ***Numerosity Under Rule 23(a)(1).***  The Class is so numerous that the individual joinder of all members is impracticable.   While the exact number and identity of the Class members are currently unknown, such information can be ascertained through appropriate discovery and investigation. Due to the nature of the trade and commerce involved, however, Plaintiffs believe that the total number of Class members is in the millions.

39.     ***Commonality Under Rule 23(a)(2).***  Common legal and factual questions exist that predominate over any questions affecting only individual Class members.   These common questions, which do not vary among Class members and which may be determined without reference to any Class member's individual circumstances, include, but are not limited to:

a.      Whether Defendants disclosed that their Tracking Software was installed on the Vizio Smart TVs;

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

b.    Whether Vizio unlawfully disclosed and continues to unlawfully disclose consumers' personally identifiable information, including their video viewing records, in violation of 18 U.S.C. § 2710(b);

c.    Whether Vizio unlawfully disclosed and continues to unlawfully disclose consumers' personal information or records, including records of their video viewing history, in violation of Cal. Civ. Code § 1799.3;

d.    Whether Vizio's disclosures were committed knowingly;

e.    Whether Defendants' conduct described herein was willful;

f.    Whether Defendants' conduct described herein constitutes a violation of California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

g.    Whether Defendants' conduct described herein constitutes a violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);

h.    Whether Vizio's conduct described herein constitutes a violation of California's False Advertising Law (Cal. Bus & Prof. Code §§ 17500, *et seq.*);

i.    Whether Vizio's conduct described herein constitutes fraudulent or negligent omission;

j.    Whether Defendants' conduct described herein has caused them to be unjustly enriched;

k.    Whether Plaintiffs and the members of the Class have been injured as a result of Defendants' conduct;

l.    Whether Plaintiffs and the members of the Class overpaid for the Vizio Smart TVs;

m.    Whether Plaintiffs and the members of the Class are entitled to equitable relief, including, but not limited to, restitution or injunctive relief; and

n.      Whether Plaintiffs and the members of the Class are entitled to damages or other monetary relief, and, if so, in what amount.

40.      ***Typicality Under Rule 23(a)(3).***   Plaintiffs' claims are typical of the Class members' claims.   Defendants' course of conduct caused Plaintiffs and the Class members the same harm, damages, and losses as a result of Defendants' uniformly unlawful conduct.   Likewise, Plaintiffs and other Class members must prove the same facts in order to establish the same claims.

41.      ***Adequacy of Representation Under Rule 23(a)(4).***   Plaintiffs are adequate representatives of the Class because each is a member of the Class and their interests do not conflict with the interests of the Class.   Plaintiffs have retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Plaintiffs and their counsel intend to vigorously prosecute this action for the Class's benefit, and have the resources to do so.   Plaintiffs and their counsel have no interests adverse to those of the other members of the Class.

42.      ***Superiority.***   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each Class member's claim is impracticable.   The damages, harm, and losses suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct.   Even if each Class member could afford individual litigation, the Court system could not.   It would be unduly burdensome if thousands of individual cases proceeded.   Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions.   By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

43.      The Class can be properly maintained under Rule 23(b)(2).   Defendants have acted or refused to act, with respect to some or all issues in this Class Action Complaint, on grounds

generally applicable to the Class, thereby making final injunctive relief and declaratory relief appropriate with respect to the Class as a whole

44.    Plaintiffs reserve the right to amend the foregoing Class Action Allegations and Class definition based on facts learned through additional investigation and in discovery.

**FIRST CAUSE OF ACTION**

**Violations of 18 U.S.C. § 2710 (Video Privacy Protection Act)**

***On Behalf of Plaintiffs and the Class Against Defendants***

45.    Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

46.    Defendant Vizio is a "video tape service provider" within the definition, meaning, and construction of 18 U.S.C. § 2710(a)(4) of the Video Privacy Protection Act ("VPPA") because it is "engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or *similar audio visual materials*" by delivering videos (*i.e.*, "similar audio visual materials") to consumers through its internet-connected Smart TVs (emphasis added).   Specifically, Vizio facilitates the transmission of specific video titles to be made to consumers through its VIA and VIA Plus services that allow consumers to watch movies and TV shows, listen to music, and access applications on demand.

47.    As owners and users of Vizio's Smart TVs, Plaintiffs and members of the Class are "consumers" within the definition, meaning, and construction of 18 U.S.C. § 2710(a)(1) of the VPPA because they are "renter[s], purchaser[s], or subscriber[s] of goods or services" (Vizio Smart TVs with integrated Smart Interactivity tracking technology "from a video tape service provider," namely defendant Vizio.

48.    The collection of Plaintiffs and the Class's viewing information – including movies, shows, and programs viewed, IP addresses, computer names, and product serial numbers – constitutes "personally identifiable information" ("PII") within the definition, meaning, and construction of 18 U.S.C. § 2710(a)(3) of the VPPA, which "includes information which identifies

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

a person as having requested or obtained specific video materials or services from a video tape service provider" such as Vizio.

49.     Vizio has disclosed, and continues to disclose, Plaintiffs and the Class's PII to third parties by disclosing collected PII to third-party data brokers to "enhance" the information with other demographic information about Plaintiffs and the Class, and then discloses the "enhanced" PII to advertisers in an attempt to "generate meaningful revenue."[14]

50.     At no time did Vizio solicit from Plaintiffs or the Class permission or consent to collect and disclose the PII at issue, nor did Vizio provide clear and conspicuous notice of the disclosures complained of herein, pursuant to 18 U.S.C. § 2710 (b)(2)(B) of the VPPA.  Vizio's disclosures were not made in the "ordinary course of business" as defined by 18 U.S.C. § 2710 (a)(2) of the VPPA, which permits disclosures "*only*" in connection with "debt collection activities, order fulfillment, request processing, and the transfer of ownership." (emphasis added).

51.     The knowing disclosure and transmission of PII belonging to Plaintiffs and the Class, as described herein, constitutes a violation of the VPPA within the meaning and construction of 18 U.S.C § 2710(b)(1), entitling Plaintiffs and the Class under 18 U.S.C. 2710(c)(2) to an award of damages (actual, liquidated, or punitive), reasonable attorneys' fees and other litigation costs reasonably incurred, and such other preliminary and equitable relief as the Court deems appropriate. Plaintiffs and the Class seek an injunction prohibiting defendant Vizio from collecting and releasing their PII in the future, as well as the maximum statutory and punitive damages available under the VPPA.

## SECOND CAUSE OF ACTION

### Violations of Cal. Civ. Code § 1799.3

### *On Behalf of Plaintiffs and the Class Against Defendants*

52.     Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

---

[14] Prospectus, at p. 10.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

53.     Defendant Vizio is a "person providing video recording sales or rental services" within the definition, meaning, and construction of California Civil Code §§ 1799(d) and 1799.3(a) because it facilitates the sale and rental of videos to users through its internet-connected Smart TVs which allow users to stream videos, shows, programs, music, and other internet-based content directly from their Smart TVs using Smart Interactivity technology.

54.     California Civil Code § 1799.3(a) provides that "[n]o person providing video recording sales or rental services shall disclose any personal information or the contents of any record, including sales or rental information, which is prepared or maintained by that person, to any person, other than the individual who is the subject of the record, without the written consent of that individual."

55.     Vizio has disclosed and continues to disclose Plaintiffs and the Class' personal information and the contents of records prepared or maintained by Vizio to third parties.  Vizio first discloses collected personal information and contents of records to third-party data brokers to "enhance" information collected through the Tracking Software with other demographic information about Plaintiffs and the Class.  Vizio then discloses the "enhanced" personal information and contents of records to advertisers.

56.     None of the exemptions provided by California Civil Code § 1779.3(b) are applicable under the facts, events, and circumstances described herein.

57.     At no time did Plaintiffs or members of the Class provide Vizio with any form of consent allowing Vizio to collect their information and viewing records, nor to disclose their personal information and viewing records to third parties.

58.     At all times, Vizio has acted knowingly and willfully.

59.     As a result of Vizio's unlawful disclosures, Plaintiffs and the Class's statutory rights to privacy have been violated.  Plaintiffs and the Class seek an injunction prohibiting Vizio from collecting and then disclosing their personal information in the future, as well as the maximum statutory and punitive damages available under California Civil Code § 1799.3(c)(1) and all other appropriate relief and damages.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**THIRD CAUSE OF ACTION**

**Violations of Cal. Civ. Code §§ 1798.80, *et seq.* (Customer Records Act)**

*On Behalf of Plaintiffs and the Class Against Defendants*

60.     Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

61.     California Civil Code § 1798.81 (the "Customer Records Act") provides that "[a] business shall take all reasonable steps to dispose, or arrange for the disposal, of customer records within its custody or control containing personal information when the records are no longer to be retained by the business by (a) shredding, (b) erasing, or (c) otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means."

62.     By knowingly and willfully disclosing and continuing to disclose Plaintiffs and the Class' personal information and viewing history and habits to third parties, Vizio has failed to take any steps to dispose, or arrange for the disposal, of customer records within its custody and control containing personal information of Plaintiffs and members of the Class, in violation of California's Customer Records Act.

63.     As a result of Vizio's unlawful actions and conduct, Plaintiffs and the Class's statutory rights to privacy have been violated.   Plaintiffs and the Class seek an injunction prohibiting Vizio from collecting and disclosing their personal information in the future, as well as damages and all other appropriate relief.

**FOURTH CAUSE OF ACTION**

**Violations of Cal. Civ. Code §§ 1750, *et seq.* (Consumer Legal Remedies Act)**

*On Behalf of Plaintiffs and the Class Against Defendants*

64.     Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

65.     Defendants are "persons" within the definition, meaning, and construction of Cal. Civ. Code § 1761(c) of California's Consumer Legal Remedies Act ("CLRA").

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

66.     As purchasers, owners, and users of Vizio's Smart TVs for personal, family, or household purposes, Plaintiffs and members of the Class are "consumers" within the definition, meaning, and construction of Cal. Civ. Code § 1761(d) of the CLRA.

67.     As "tangible chattels bought or leased for use primarily for personal, family, or household purposes," the Vizio Smart TVs integrated with Smart Interactivity tracking technology purchased, owned, and used by Plaintiffs and members of the Class are "goods" within the definition, meaning, and construction of Cal. Civ. Code § 1761(a) of the CLRA.

68.     The purchases by Plaintiffs and members of the Class of the "goods" (Vizio Smart TVs integrated with Smart Interactivity) sold by Defendants constitute "transactions" within the definition, meaning, and construction of Cal. Civ. Code § 1761(e) of the CLRA.

69.     As alleged above, Defendants made numerous misleading representations concerning the true nature, specifications, and characteristics of the Vizio Smart TVs that were integrated with Smart Interactivity.

70.     In connection with its sale of goods to Plaintiffs and members of the Class, Defendants violated at least the following enumerated CLRA provisions:

    a.     Representing that goods have characteristics, uses, and benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

    b.     Representing that goods are of a particular standard, quality, or grade, if they are of another (Cal. Civ. Code § 1770(a)(7));

    c.     Advertising goods with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

    d.     Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, which are prohibited by law (Cal. Civ. Code § 1770(a)(14)); and

    e.     Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770 (a)(16)).

71.     In addition, under California law, a duty to disclose arises in four circumstances: (i) when the defendant is in a fiduciary relationship with plaintiff; (ii) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (iii) when the defendant actively conceals a material fact from the plaintiff; and (iv) when the defendant makes partial representations but also suppresses some material facts.

72.     Defendants had a duty to disclose to Plaintiffs and the Class the true specifications and nature of the Vizio Smart TVs equipped with Smart Interactivity tracking technology for the following independent reasons: (i) Defendants had exclusive knowledge of the information at the time of sale; (ii) Defendants actively concealed from Plaintiffs and members of the Class the true specifications, nature, and characteristics of the Vizio Smart TVs equipped with Smart Interactivity tracking technology, which were material to consumers; and (iii) Defendants made partial representations to Plaintiffs and members of the Class regarding the specifications, nature, and characteristics of the Vizio Smart TVs.

73.     Defendants violated the CLRA by concealing material information from Plaintiffs and members of the Class regarding the true specifications, nature, and characteristics of Vizio's Smart TVs equipped with Smart Interactivity tracking technology.

74.     Defendants' misrepresentations and omissions in violation of the CLRA were likely to, and did, mislead consumers.  In purchasing the Vizio Smart TVs, Plaintiffs and members of the Class were deceived by Defendants' failure to disclose that these goods were equipped with Smart Interactivity tracking technology which was used to track, monitor, disseminate, and sell users' personal information and viewing habits without their informed consent or knowledge for financial gain, and in violation of their protected privacy rights.

75.     Defendants' conduct alleged herein was intentional and was specifically designed to induce customers to purchase Vizio Smart TVs.

76.     Defendants' misrepresentations and omissions alleged herein were material in that a reasonable person would attach importance to the information and would be induced to act upon the information in making purchase decisions.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

77.    Plaintiffs and members of the Class relied to their detriment on Defendants' misrepresentations and omissions in purchasing Vizio Smart TVs.

78.    Plaintiffs, on behalf of themselves and the Class, demand judgment against Defendants under the CLRA for injunctive relief to Plaintiffs and the Class.

79.    Plaintiffs, on behalf of themselves and the Class, further intend to seek compensatory damages and, in light of Defendants' intentional and fraudulent conduct, an award of punitive damages.

80.    Pursuant to Cal. Civ. Code § 1782(a), Plaintiffs will serve Defendants with notice of their alleged violations of the CLRA by certified mail return receipt requested.  If, within thirty days after the date of such notification, Defendants fail to provide appropriate relief for their violations of the CLRA, Plaintiffs will amend this Class Action Complaint to seek monetary damages (both compensatory and punitive) under the CLRA.

81.    Notwithstanding any other statements in this Class Action Complaint, Plaintiffs do not seek monetary damages in connection with their CLRA claims – and will not do so – until the applicable thirty-day period has passed.

## FIFTH CAUSE OF ACTION

### Violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Unfair Competition Law)
#### *On Behalf of Plaintiffs and the Class Against Defendants*

82.    Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

83.    California's Unfair Competition Law ("UCL") prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*]."

84.    Plaintiffs and the Class have standing to pursue this claim because Plaintiffs and members of the Class have suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth above.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

85.     Defendants' actions and conduct as alleged in this Class Action Complaint constitute an "unlawful" practice within the definition, meaning, and construction of California's UCL because Defendants violated the VPPA (18 U.S.C. § 2710), California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*), the CLRA (Civ. Code §§ 1750, *et seq.*), the Consumer Records Act, and other applicable statutes and laws alleged herein.

86.     Defendants' actions and conduct as alleged in this Class Action Complaint constitute an "unfair" practice within the definition, meaning, and construction of California's UCL because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to their customers. The harm caused by Defendants' wrongful conduct outweighs any utility of such conduct and has caused – will continue to cause – substantial injury to Plaintiffs and the Class. Defendants could and should have chosen one of many reasonably available alternatives, including not selling Smart TVs that contained unauthorized Tracking Software, a latent defect, or disclosing the unauthorized Tracking Software to prospective purchasers. Additionally, Defendants' conduct is "unfair" because it violated the legislatively declared policies in the VPPA (18 U.S.C. § 2710), California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*), the CLRA (Civ. Code §§ 1750, *et seq.*), the Consumer Records Act, and other applicable statutes and laws alleged herein.  Defendants misled consumers by failing to disclose the Vizio Smart TVs were equipped with Smart Interactivity tracking technology which was used to track, monitor, disseminate, and sell users' personal information and viewing habits without their informed consent or knowledge for financial gain, and in violation of their protected privacy rights.

87.     Defendants' actions as alleged in this Class Action Complaint constitute a "fraudulent" practice within the definition, meaning, and construction, of California's UCL because Defendants knowingly and willfully failed to disclose all material information to purchasers of Vizio Smart TVs and Defendants affirmatively concealed that the Smart TVs were equipped with Smart Interactivity tracking technology which was used to track, monitor, disseminate, and sell users' personal information and viewing habits.   Defendants' conduct was likely to deceive consumers. Defendants' failure to disclose this pertinent information regarding

the true nature, specifications, and characteristics of their Smart TVs constitutes a material omission in violation of the UCL.

88.     As a result of Defendants' "unlawful," "fraudulent," and "unfair" conduct, Plaintiffs and members of the Class paid premium prices for Vizio Smart TVs, which were worth substantially less than the products promised by Defendants, and Plaintiffs and members of the Class did not obtain the characteristics and specifications of the Vizio Smart TVs promised by Defendants. Defendants' conduct directly and proximately caused Plaintiffs and the Class actual monetary damages in the form of the price paid for the Vizio Smart TVs.  The injuries, damages, and harm caused to Plaintiffs and the Class by Defendants' unfair conduct are not outweighed by any countervailing benefits to consumers or competition, and the injury is one that consumers themselves could not reasonably have avoided.  Defendants knew or had reason to know that Plaintiffs and the Class could not have reasonably known or discovered the existence of Vizio's Smart TV Tracking Software.  Had Defendants disclosed the unauthorized Tracking Software on their Smart TVs, Plaintiffs and the Class would not have purchased the products at issue or would have paid substantially less.

89.     Defendants' wrongful business practices alleged herein constitute a continuing course of unfair competition because Defendants market and sell their products in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers. Plaintiffs and the Class therefore seek equitable relief to remedy Defendants' deceptive marketing, advertising, and packaging of their Smart TVs equipped with Tracking Software.

90.     Plaintiffs and the Class also seek an order requiring Defendant to make full restitution of all moneys it has wrongfully obtained from Plaintiffs and the Class, along with all other relief permitted under the UCL.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**SIXTH CAUSE OF ACTION**

**Violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.* (False Advertising Law)**

***On Behalf of Plaintiffs and the Class Against Defendants***

91.     Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

92.     Plaintiffs, individually and on behalf of the Class, have standing to pursue this claim because Plaintiffs and the Class have suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth above.

93.     Vizio engaged in advertising and marketing to the public and offered for sale Smart TVs with integrated Smart Interactivity tracking technology in California.

94.     Vizio engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the sale of the Smart TVs with integrated Smart Interactivity tracking technology to consumers like Plaintiffs and members of the Class.

95.     Vizio's advertising and marketing representations regarding its Smart TVs with integrated Smart Interactivity tracking technology were false, misleading, and deceptive within the definition, meaning, and construction of California Business & Professions Code §§ 17500, *et seq.* (False Advertising Law).

96.     Vizio also concealed material information from consumers regarding the true nature, specifications, and characteristics of its Smart TVs.

97.     Vizio's misrepresentations and omissions alleged herein were the type of misrepresentations that are material, *i.e.*, a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

98.     Vizio's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

99.　At the time it made the misrepresentations and omissions alleged herein, Vizio knew or should have known that they were untrue or misleading and acted in violation of California Business & Professions Code §§ 17500, *et seq*.

100.　Unless restrained by this Court, Vizio will continue to engage in untrue and misleading advertising, as alleged above, in violation of California Business & Professions Code §§ 17500, *et seq*.

101.　As a result of Vizio's conduct and actions, Plaintiffs and each member of the Class has been injured, has lost money or property, and is entitled to relief.  Plaintiffs and the Class seek disgorgement, restitution, injunctive relief, and all other relief permitted under California Business & Professions Code §§ 17500, *et seq*.

## SEVENTH CAUSE OF ACTION

### Fraudulent Omission

### *On Behalf of Plaintiffs and the Class Against Defendants*

102.　Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

103.　As described herein, Vizio has concealed, suppressed, or omitted a material fact concerning its Smart TVs, namely that such consumer goods contain Tracking Software that collects information on the users' specific viewing history and habits and performs a network scan of home computer networks to capture other personal information.

104.　Vizio was under a duty to Plaintiffs and the Class to disclose that its Smart TVs contained the unauthorized Tracking Software because:

　　　　a.　Vizio was in a superior position to know that the Tracking Software was installed on its Smart TVs;

　　　　b.　Plaintiffs and the Class could not reasonably have been expected to learn or discover that Vizio included tracking software on its Smart TVs;

c.   Vizio should have known that Plaintiffs and members of the Class could not reasonably have been expected to learn or discover that Vizio included the Tracking Software on its Smart TVs; and

d.   Vizio should have known that Plaintiff and members of the Class would not have purchased the Smart TVs if it had disclosed the Tracking Software.

105.   Vizio intentionally concealed, suppressed, or omitted the material facts described above concerning its Smart TVs with intent to defraud Plaintiffs and members of the Class. Specifically, Vizio knew that Plaintiffs and Class members would not have purchased the Smart TVs if it disclosed the Tracking Software which collects information on users' specific viewing history and habits and performs a network scan of home computer networks to capture other personal information.  Furthermore, Vizio knew that, absent the Tracking Software, it would have to pay Plaintiffs and members of the Class for access to their video viewing history.

106.   Plaintiffs and members of the Class did not know that the Smart TVs they purchased contained the Tracking Software.  Had they known, they would not have purchased the Smart TVs. Consequently, Vizio's conduct directly and proximately caused Plaintiffs and the Class actual monetary damages in the form of the price paid for the Vizio Smart TVs.

107.   Plaintiffs, on behalf of themselves and the Class, seek damages from Vizio's unlawful conduct.

**EIGHTH CAUSE OF ACTION**

**Negligent Omission**

***On Behalf of Plaintiffs and the Class Against Defendants***

108.   Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

109.   As described herein, Vizio has negligently concealed, suppressed, or omitted a material fact concerning its Smart TVs, namely that such consumer goods contain Tracking Software that collects information on users' specific viewing history and habits and performs a network scan of home computer networks to capture other personal information.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

110.    Vizio was under a duty to Plaintiffs and the Class to disclose that its Smart TVs contained the unauthorized Tracking Software because:

    a.    Vizio was in a superior position to know that the Tracking Software was installed on its Smart TVs;

    b.    Plaintiffs and the Class could not reasonably have been expected to learn or discover that Vizio included tracking software on its Smart TVs;

    c.    Vizio should have known that Plaintiffs and members of the Class could not reasonably have been expected to learn or discover that Vizio included the Tracking Software on its Smart TVs; and

    d.    Vizio should have known that Plaintiff and members of the Class would not have purchased the Smart TVs if it had disclosed the Tracking Software.

111.    Plaintiffs and members of the Class did not know that the Vizio Smart TVs they purchased contained the Tracking Software. Had they known, Plaintiffs and members of the Class would not have purchased the Vizio Smart TVs.  Consequently, Vizio's conduct directly and proximately caused Plaintiffs and the Class actual monetary damages in the form of the price paid for the Vizio Smart TVs.

112.    Plaintiffs, on behalf of themselves and the Class, seek damages from Vizio's unlawful conduct.

### NINTH CAUSE OF ACTION

### Unjust Enrichment

### *On Behalf of Plaintiffs and the Class Against Defendants*

113.    Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

114.    Absent Defendants' unauthorized use of their Tracking Software, Defendants would have had to pay Plaintiffs and each member of the Class monetary compensation in exchange for their valuable viewing history and habits.  As such, Plaintiffs and other members of

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

the Class conferred an improper windfall upon Defendants, which knew of the windfall and have unjustly retained such benefits.

115. As a direct and proximate result of Defendants' unjust enrichment, under principles of equity and good conscience, Plaintiffs and the Class are entitled to full disgorgement and restitution of all amounts by which Defendants were enriched through their unlawful or wrongful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, request that the Court order the following relief and enter judgment against Defendants as follows:

A. an Order certifying the proposed Class under Fed. R. Civ. Proc. 23 and appointing Plaintiffs and their counsel to represent the Class;

B. a declaration that Defendants engaged in the illegal conduct alleged herein in violation of 18 U.S.C. § 2710 (VPPA), Cal. Civ. Code § 1799.3, Cal. Civ. Code §§ 1798.80, *et seq.* (Customer Records Act), Cal. Civ. Code §§ 1750, *et seq.* (Consumer Legal Remedies Act), Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Unfair Competition Law), and Cal. Bus. & Prof. Code §§ 17500, *et seq.* (False Advertising Law), and constitute fraudulent omission and negligent omission;

C. an Order that Defendants be permanently enjoined from their improper activities and conduct described herein;

D. a Judgment awarding Plaintiffs and the Class restitution, damages (including statutory and punitive damages where applicable), and disgorgement in amounts according to proof at trial, including an award of pre- and post-judgment interest, to the extent allowable;

E. an Order awarding Plaintiffs and the Class their reasonable litigation expenses, costs, and attorneys' fees;

F. an Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiffs and the Class; and

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

G.     an Order awarding such other and further relief as the Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all claims and issues so triable.

Dated: December 29, 2015                    SCHUBERT JONCKHEER & KOLBE LLP


                                                       ___/s/ Kathryn Y. Schubert_____
                                                       Robert C. Schubert (S.B.N. 62684)
                                                       rschubert@schubertlawfirm.com
                                                       Dustin L. Schubert (S.B.N. 254876)
                                                       dschubert@schubertlawfirm.com
                                                       Noah M. Schubert (S.B.N. 278696)
                                                       nschubert@schubertlawfirm.com
                                                       Kathryn Y. Schubert (S.B.N. 265803)
                                                       kschubert@schubertlawfirm.com
                                                       Three Embarcadero Center, Suite 1650
                                                       San Francisco, California  94111
                                                       Telephone:      (415) 788-4220
                                                       Facsimile:      (415) 788-0161


                                                       *Attorneys for Plaintiffs and the Putative Class*